## J. W. SHARMAN v. NEWSOME & JOHNSTON.

Decided April 13, 1907.

**County Court—Practice—Written Charge.**

Under article 1316, Revised Statutes, as amended by the Act of 1903, page 55, it is obligatory upon a County Judge to prepare and deliver a charge in writing covering the law of a case tried before him, in the absence of an express waiver by the parties.

Appeal from the County Court of Swisher County. Tried below before Hon. W. C. Dinwiddie.

*A. W. Calahan* and *W. F. Hendrix,* for appellant.

No brief for appellees.

SPEER, ASSOCIATE JUSTICE.—This action originated in a Justice's Court of Swisher County and was one to recover commissions for services rendered by appellees as real estate brokers for appellant. Appellees recovered both in the Justice's Court and in the County Court on appeal.

The greater number of appellant's assignments complain of the trial court's ruling in refusing to sustain his general and special exceptions to appellees' pleadings. His bill of exceptions, however, fails to disclose just what appellees' pleadings were, and since they were oral we cannot know that any of the exceptions were well taken. Where the pleadings in Justice Court and on appeal to the County Court are oral, as they may be under the statute, it is not contemplated that more than a brief statement of the same shall be noted on the docket. This brief statement seems to have been noted, but in no manner disproves that appellees' oral pleadings were sufficient as against all of the exceptions urged.

The cause must be reversed, however, for the refusal of the County Judge to prepare and deliver a written charge covering the law of the case. Article 1316, Texas Civil Statutes, as amended by the Act of 1903, page 55, provides: "After the argument of a cause the judge shall in open court, unless the same be expressly waived by the parties to the suit, prepare and deliver a written charge to the jury on the law of the case, subject to the restrictions hereinafter provided." The changes thus made in the statute evidence an intention upon the part of the Legislature to work a change in the construction theretofore given to that statute, to the effect that it was optional with the judge to give a written charge. The language of the statute appears now to be mandatory in the absence of an express waiver by the parties. Wallace v. Shapard, 15 Texas Ct. Rep., 735. In the present case there was no such waiver, both parties in fact having requested the court to give a written charge to the jury.

We will not pass on the merits of appellant's requested charges, since we cannot know in advance that they would be material after the court has prepared and delivered his charge covering the law of the case.

For this error of the court the judgment is reversed and the cause remanded for another trial

*Reversed and Remanded.*