## DALTON v. DALTON.

(Court of Civil Appeals of Texas.　Ft. Worth. Dec. 23, 1911.)

1. PLEADING (§ 291*)—EXECUTION OF WRITTEN INSTRUMENT.

Where a defendant in an action on a written instrument does not deny by affidavit the execution of the instrument as required by Rev. St. 1895, arts. 1265, 2318, he may not object to the introduction in evidence of the instrument on the ground that its execution has not been proved.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 864–879; Dec. Dig. § 291.*]

2. REFORMATION OF INSTRUMENTS (§ 19*)—MUTUAL MISTAKE.

Though equity will relieve from the effect of terms embodied in a written contract by a mutual mistake, yet mere proof of an antecedent verbal contract in terms variant from the contract reduced to writing, does not show mutual mistake.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

3. PLEADING (§ 8*)—MUTUAL MISTAKE—CONCLUSIONS.

An allegation in a pleading of a mutual mistake in a written instrument is but a legal conclusion, and the facts showing the mistake and that it was mutual must be distinctly alleged.

Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

4. TRIAL (§ 224*)—INSTRUCTIONS—WRITTEN INSTRUCTIONS—NECESSITY.

Under Acts 28th Leg. c. 39, requiring the court to deliver a written charge unless the same is expressly waived by the parties, the court at the request of a party must charge in writing.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 516; Dec. Dig. § 224.*]

Appeal from Palo Pinto County Court; W. P. Gibbs, Special Judge.

Action by Annie L. Dalton against Mark L. Dalton.　From a judgment for plaintiff, defendant appeals.　Reversed and remanded.

E. B. Ritchie, for appellant.　Penix & Eberhart and P. C. Sanders, for appellee.

CONNER, C. J.　Appellee as the basis of her suit declared upon a certain bill of sale for 23 head of stock cattle and 6 head of steers alleged to have been executed by appellant.　A copy of the bill of sale was attached as an exhibit to her petition, and it was alleged that thereby Mark L. Dalton had contracted to deliver to the plaintiff the

number and kinds of cattle therein specified, but of which only 11 head of stock cattle had been delivered, and she sued to recover the value of the remaining 12 head of stock cattle and 6 head of steers. The defendant answered by a general denial and a special plea to be hereinafter noted, and the trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $240, from which the defendant has appealed.

[1] There was no sworn denial on the part of the defendant of the execution of the bill of sale, and we think his objection to its introduction in evidence on the ground that its execution had not been proven is wholly untenable in view of articles 1265 and 2318 of the Revised Statutes. See City Waterworks v. White, 61 Tex. 536; Sawyer v. Dulany, 30 Tex. 479; Schmidt v. Mackey, 31 Tex. 603.

[2] Appellant specially pleaded a verbal contract at variance with the terms of the bill of sale, charging that in so far as the bill of sale was to be construed otherwise, it was so made by "mutual mistake." That equity will relieve from the effect of terms embodied in a written contract by mutual mistake is well settled, but while appellant's pleadings and evidence offered in support thereof seem to fully set out the antecedent verbal contract and to allege that the execution of the bill of sale in terms variant therefrom was a mutual mistake, yet neither in his pleading nor in the evidence offered and rejected by the court do facts appear tending to show the mistake.

[3] The allegation of a "mutual mistake" is but a legal conclusion, and the facts, if any, which tend to show that there was a mistake, and that it was not unilateral, but was mutual, as alleged, should have been distinctly alleged and offered. This, as stated, was not done and appellant's assignments raising this question must, therefore, be overruled.

[4] We feel constrained, however, to reverse the judgment for the error complained of in the fourth assignment. By proper bill of exception it is shown that upon the conclusion of the testimony and argument of the counsel, appellant both verbally and by written motion requested the court to charge the jury in writing; but the court refused to do so, giving an oral charge which does not appear in the record. Prior to the act approved March 13, 1903, the Revised Statutes, art. 1316, provided that: "After the argument of a cause the judge may in open court deliver a charge to the jury on the law of the case subject to the restrictions hereinafter provided." The act of 1903, however, amended the article so as to read that: "After the argument of a cause the judge shall in open court, unless the same be expressly waived by the parties to the suit, prepare and deliver a written charge to the jury on the law of the case, subject to the restrictions hereinafter provided." See General Laws 1903, p. 55. The amendment indicates, as we have heretofore had occasion to expressly decide, that upon appellant's request, as stated, no option was left to the judge, but it was his duty to have charged the jury in writing. See Sharmon v. Newsome & Johnston, 46 Tex. Civ. App. 111, 101 S. W. 1020.

Error is also assigned to the action of the court in refusing to give appellant's requested charge No. 2, and in overruling the motion for a new trial, but we cannot know in advance that the court's charge on another trial will require a special charge, and proof of the value of the cattle for which appellant recovered will doubtless not again be omitted.

Judgment reversed and cause remanded.