### KIRBY LUMBER CO. v. HENRY.
### (No. 5484.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1920.)

**1. Master and servant ⬅281(8)—Evidence held to show freedom from contributory negligence.**

Evidence *held* sufficient to support the findings that plaintiff was in defendant lumber company's employ, that defendant's agents were guilty of negligence proximately causing his injury while riding on an engine, and that he was not guilty of contributory negligence.

**2. Trial ⬅351(5)—Submission of special issues properly refused where issues fully presented.**

Where special issues submitted by the trial court fully and fairly presented the issues involved, the trial court was not required to ask of the jury additional questions presented by defendant.

Appeal from District Court, Hardin County; J. Llewellyn, Judge.

Action by Jon Henry against the Kirby Lumber Company. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which reversed, and rendered judgment for defendant, and plaintiff brought error to the Supreme Court, which reversed the judgment rendered by the Court of Civil Appeals, and remanded the cause to it with certain assignments of error to be passed upon. Judgment of the trial court affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for appellant.

V. A. Collins, D. E. O'Fiel, and F. G. Vaughn, all of Beaumont, for appellee.

MOURSUND, J. This court on May 26, 1915, reversed the judgment rendered by the trial court, and rendered judgment that appellee take nothing by his suit. A writ of error was granted, and the judgment rendered by this court was reversed, and the cause remanded to this court in order that certain assignments of error be passed upon. The opinion of this court is reported in 178 S. W. 23; that of the Commission of Appeals in 215 S. W. 451; and that of the Supreme Court in 218 S. W. 363. The first mentioned two opinions contain statements showing the nature of the case and the testimony introduced, and are referred to for a better understanding of the case.

The jury, in answer to special issues, found as follows: That plaintiff at the time of his injury was in the employ of defendant; that at the time of his injury he was on the tender of the defendant's engine by the permission or invitation of the servants and agents of defendant in charge of the engine; that the engineer, fireman, or brakeman connected with the operation of the engine knew, or by the exercise of ordinary care could have known, of the presence of plaintiff on the back end of the tender of said engine at the time of his injury; that the agents and servants of defendant were guilty of negligence proximately causing plaintiff's injury, in causing said engine and loaded car to back against said other loaded car; that plaintiff was not guilty of contributory negligence proximately causing his injury in taking, and remaining in, the position which he was in on the back end of the tender in question at the time he received the injury alleged; and that plaintiff was not commanded by any one of the train crew to get off of the back end of the tender.

The decision by this court that a peremptory instruction should have been given was based upon the conclusion that the first proposition under the first assignment of error was well taken, and it was therefore deemed unnecessary to consider the other propositions under said assignment and the other assignments of error.

We take it that the decision of the Supreme Court involves not only the holding that plaintiff was not guilty of contributory negligence as a matter of law, but also that the other contentions relied on by appellant as entitling it to a peremptory instruction were without merit, and that therefore the rendition of a judgment for appellant was erroneous. In order, however, that no contention may arise whether this court has fully complied with its duty under the order remanding the cause to it, we hold that there is no merit in the other contentions relied on in support of the first assignment of error.

[1] The findings of the jury are attacked as contrary to the great weight and preponderance of the evidence. The evidence relating to the issue whether the plaintiff was guilty of contributory negligence is undisputed, and, it having been determined that the jury was authorized to find therefrom that plaintiff was not guilty of contributory negligence, we find no reason for setting aside such finding on the ground that it is contrary to the great preponderance of the evidence. We find no ground for concluding that any material fact detailed by plaintiff which relates to the care exercised by him is controverted by the preponderance of evidence.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We also find that the evidence is sufficient to support the other findings of the jury.

[2] We find no merit in any of the remaining assignments of error. The special issues submitted by the court fairly and fully presented the issues involved, and the court was not required to ask the additional questions presented by defendant.

We overrule all the assignments of error, and affirm the judgment of the trial court.

