## HAECKER v. HAECKER et al. (No. 7275.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1925.)

**Reformation of instruments ⟨key⟩36(3)—Pleading of mutual mistake in omission of reference to water improvements held insufficient.**

Where plaintiff alleged that land purchased was to be supplied with water from adjoining tract, and that "through mutual mistake" of common grantor, reference, in contemporaneous deed to adjoining tract, of windmill and other improvements thereon was omitted, *held* insufficient; no facts tending to show mutual mistake being alleged.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Action by Mrs. Hulda Haecker against Henry Haecker, Sr., and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Alvin P. Mueller, of Seguin, for appellant.
Wurzbach & Wirtz and A. J. Wirtz, all of Seguin, for appellees.

FLY, C. J. This is, in effect, an action of trespass to try title to a certain small tract of land on which are situated a certain windmill, cistern, and pipe line and fittings used in connection therewith to pump water from the Cibolo creek, for an injunction to restrain Henry Haecker, Sr., and A. J. Haecker, appellees, from interfering with her use of said water properties, and for the sum of $250.

The facts upon which the suit is based are pleaded in nine pages of the transcript. Appellees answered by pleas of misjoinder of causes of action, general demurrer and special exceptions, general denial and not guilty, and set forth the facts upon which they rested their defense. They also set up a cross-action against appellant, which was dismissed, and a verdict was instructed for appellees.

This suit was instituted by appellant as surviving wife and sole heir of Henry Haecker, Jr., deceased, against appellees, alleging a conveyance by Henry Haecker, Sr., to her husband of 110 acres of land in Guadalupe county, on Cibolo river; that it was supplied with water by a windmill and cistern located on an adjoining tract of land of 110 acres, which was sold to A. J. Haecker by Henry Haecker, Sr., at the same time the 110 acres was conveyed to Henry Haecker, deceased; that by mutual mistake a conveyance was not made to Henry Haecker, deceased, containing any reference to the windmill and other improvements situated on a tract of land conveyed at the same time to A. J. Haecker. Appellant alleged—

"that in connection with the purchase of said land this plaintiff and her deceased husband purchased from said Henry Haecker, Sr., the windmill, tank, and pipe line above referred to, paying therefor the sum of $200; that through a mutual mistake no mention was made in the deed of said purchaser, but same was always recognized by defendants herein until about January 29, 1924, and that in connection with such sale said Henry Haecker, Jr., was permitted to leave said improvements on said property of Henry Haecker, Sr., so long as said Henry Haecker, Jr., cared to leave same there."

The evidence failed to establish any mutual mistake in the deed. Henry Haecker, Jr., deceased, and appellant read the deed directly after it was executed, and it was not suggested by them that there had been any mistake made in the deed, mutual or otherwise, and no question of mutual mistake was

ever suggested until it was embodied as a conclusion in the pleadings herein copied. When appellant talked to Mrs. Henry Haecker, Sr., about the windmill and water, she claimed that they belonged to her and her husband. There was no mistake in omitting the improvements on some one else's land from appellant's deed, but it must have been intentionally done. All the agreements claimed to have been made about the improvements were made before and not at the time the deed was executed. It is not claimed that it was a contemporaneous agreement with the execution of the deed, and the parol agreement could not be considered in the absence of allegation and proof of mutual mistake or fraud. There was no such allegation of mutual mistake as the rules of pleadings demand. No facts were alleged tending to show mutual mistake, but it is merely dogmatically stated that there was a mutual mistake. Dalton v. Dalton (Tex. Civ. App.) 143 S. W. 241; Yantis v. Jones (Tex. Civ. App.) 184 S. W. 572; Arden v. Boone (Tex. Com. App.) 221 S. W. 265. The evidence failed to show that any mutual mistake was made. The court did not err in instructing a verdict for appellees.

The judgment is affirmed.