DALLAS RAILWAY & TERMINAL COMPANY V. H. E. WHITCOMB.

No. 7904. Decided June 10, 1942.
Rehearing overruled July 22, 1942.
(163 S. W., 2d Series, 616.)

*Burford, Ryburn, Hincks & Charlton* and *Logan Ford,* all of Dallas, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the trial court, although so requested, was not required to embrace in its written instructions to the jury, verbal instructions given through the course of the trial, which instructions were a verbal withdrawing from the jury's consideration evidence of injuries to plaintiff's elbows. Eastern Texas Elec. Co. v. Baker, 254 S. W. 933; Gause-Ware Funeral Home v. McGinley, 41 S. W. (2d) 433; 13 Tex. Jur. 184.

*Ted Lewis,* of Dallas, for defendant in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought to recover damages for personal injuries, alleged to have been sustained by Mrs. H. E. Whitcomb while riding as a passenger on defendant's street bus. The Court of Civil Appeals affirmed a judgment for the plaintiff for $5,000.00. See 153 S. W. (2d) 527.

There was evidence that when Mrs. Whitcomb attempted to alight from the defendant's street bus the motorman started the bus with a sudden jerk, throwing Mrs. Whitcomb backward, across a metal bar or handrail, and severely injuring her about the head and other parts of her body. It was shown that she suffered a severe headache, accompanied by nausea, immediately after the injury; that when her family physician was called and made an examination, he had her taken to a hospital; that she was given several spinal punctures, an X-ray picture was taken of her head, and she underwent a major brain operation, all of which caused her intense pain;

that she has suffered so continuously since the injury from nausea, severe headaches, and nervousness that she has been unable to perform her normal household duties; and that this condition would continue at least two years after the trial, with perhaps some permanent disability. Her medical and surgical bills and hospital expenses made necessary by the head injury amounted to over $450.00. The jury awarded her $5,-000.00 as damages.

During the course of the trial, Mrs. Whitcomb was asked what part of her body hit the handrail, and she replied: "My head and my elbows; head struck the handrail and one of my elbows struck the upright, and my right elbow struck something else; I don't know just what that was, but they were both bruised and both were sore." Counsel for defendant immediately objected to the introduction of any evidence concerning any injuries to Mrs. Whitcomb's elbows, because no such injuries had been alleged. Thereupon counsel for plaintiff conceded that no injuries to the elbows had been alleged, and withdrew the question and the answer; and the court instructed the jury not to consider any evidence pertaining to any injuries to the elbows. Later in the trial, while Mrs. Whitcomb's family physician was testifying, he was asked what he found Mrs. Whitcomb's physical condition to be, and replied: "I found evidence of injury to her neck and head and left elbow and her abdomen." Counsel for the defendant objected to any reference to any injuries to elbows, and requested the court to strike that part of the evidence from the record. The motion was granted, and the jury was instructed not to consider such evidence. No further reference was made in the evidence to any injuries to Mrs. Whitcomb's elbows. At the conclusion of the evidence the defendant requested the court to instruct the jury in writing as follows:

"In arriving at your verdict in this cause, and particularly in answering special issue No. 29, you will not consider the injuries, if any, to Mrs. Whitcomb's elbows. Such testimony, if any, is hereby expressly withdrawn from your consideration."

The court refused to give the requested instruction, and this ruling is assigned as error.

Article 2184, Revised Civil Statutes 1925, in force at the time of the trial of this case read as follows:

"Art. 2184. Unless expressly waived by the parties, the judge shall prepare and in open court deliver a written charge to the jury on the law of the case, or if the case is submitted on special issues, he shall submit the issues of fact to the jury."

■ In our opinion, it was not intended by this statute to require the court to give a written instruction on every occasion when previously admitted evidence is excluded from the consideration of the jury. It is conceivable that in some instances the evidence might be so prejudicial that a party's interest could not be adequately protected without a written instruction telling the jury not to consider it. Likewise, there might be instances in which the evidence would be admissible for one purpose but not for another, and it might be necessary for the court in such an instance to give a written instruction explaining for what purpose it could be considered, and for what purpose it could not be considered—especially if the evidence presented a complicated situation difficult for the jury to understand. It is sufficient to say, however, that no such situation is here presented. The evidence concerning any injuries to Mrs. Whitcomb's elbows was introduced inadvertently, and was immediately excluded from the consideration of the jury by the court, with the consent and upon the request of counsel for plaintiff. The testimony was not of an inflammatory nature, calculated to prejudice the minds of the jurors, and no reason is apparent why any injurious effect caused by the improper introduction of this evidence could not, and was not, effectively withdrawn from the jury by the oral instruction. The injuries to the elbow, as revealed by the evidence, were of relatively small importance in comparison with the severe injuries to Mrs. Whitcomb's head and other parts of her body. If this assignment presented nothing more than the question as to whether this evidence had been effectively withdrawn from the jury, we would hold that it had, and that no injury resulted to the defendant by reason of the failure of the court to specifically instruct the jury in writing not to consider such evidence.

In fact, in its reply to plaintiff's contest of the application for writ of error the defendant apparently concedes that the evidence concerning the injuries to the elbows was effectively withdrawn from the consideration of the jury by the oral instruction given by the court. In this connection, the defendant says:

"Defendant in error (plaintiff in the trial court) has mistaken the issue. The question does not relate to the admission or exclusion of testimony. If the issue related solely to the admission or exclusion of testimony, then the verbal instruction would be sufficient unless, of course, as pointed out by the authorities cited by the defendant in error, the testimony was of such character as to inflame and impassion the jury."

It is not contended by the defendant that the evidence was calculated to "inflame and impassion the jury."

■ The defendant further contends, however, that when the refusal of the court to instruct the jury in writing not to consider the evidence concerning the injuries to the elbows is considered in connection with Special Issue No. 29 and the defendant's objection thereto, reversible error is shown. Special Issue No. 29 was in part as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate the plaintiff * * . * for the physical pain, if any, * * * resulting directly and proximately from the injuries, if any, to the plaintiff's wife at the time, and on the occasion inquired about in this law suit?"

This issue was objected to by the defendant as follows:

"The defendant objects and excepts to Special Issue No. 29 wherein it permits the jury to compensate the plaintiff for the injuries resulting directly and proximately from the injuries in question, because it affirmatively appears that there is in evidence injuries which resulted directly and proximately from the accident which have been expressly withdrawn from the consideration of the jury for the reason that there are no pleadings to support the same."

It should be noted, however, that the court went further and instructed the jury as follows:

"You are further instructed that while you are deliberating upon your answers to the foregoing special issues you will not mention nor refer to, nor take into consideration any matter, fact or circumstance, other than the testimony that has been admitted before you, all of which you are instructed to observe and obey."

It is elementary that the ·charge must be considered as a whole. When Special Issue No. 29 is read in connection with the instruction just quoted, and in the light of the fact that the evidence concerning the injuries to the elbows was excluded immediately after it had been given, it is hardly probable that the jury could have thought that they were warranted in taking into consideration the injuries to the elbows in estimating plaintiff's damages.

We find no reversible error in the record. The judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion delivered June 10, 1942.

Rehearing overruled July 22, 1942.