## R. M. JOHNSON V. ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LIMITED.

No. A-1307. Decided October 29, 1947.
Rehearing overruled November 26, 1947.
(205 S. W., 2d Series, 353.)

*Faver & Barnes,* of Jasper, for petitioners.

*Orgain, Bell & Tucker* and *John G. Tucker,* all of Beaumont. for respondents.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

In this case petitioner recovered judgment for compensation against the respondent in the district court based upon answers of the jury to special issues. The Court of Civil Appeals reversed the trial court's judgment on two grounds. 202 S. W. (2d) 258.

One of the grounds upon which the trial court's judgment was reversed was its refusal to submit to the jury a requested instruction relating to circumstantial evidence. The requested instruction was in this language:

"GENTLEMEN OF THE JURY: You are charged as part of the law in this case that any fact before you may be established by circumstantial evidence or direct evidence, or both."

Article 2189, R. S. 1925, relating to trials on special issues was enacted in 1913. One of the provisions of that article was as follows:

"* * * In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

After that article became effective it became the settled rule of this Court, that, in a case submitted to a jury on special

issues it was error for the trial court to give in charge to the jury general instructions on the law. Such instructions frequently resulted in the reversal of cases on the ground that they constituted general charges not permissible in cases tried on special issues. Texas & N. O. R. R. Co. v. Crow, 132 Texas 465, 123 S. W. (2d) 649, and authorities there cited. That provision of Article 2189 was changed by rule of civil procedure No. 277 to read as follows:

"* * * In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge."

It will be noted that the rule places no additional requirement upon the trial judge in preparing his charge, but its effect is to prevent a reversal on the sole ground that an explanatory instruction or definition amounts to a general charge. The question, therefore, of whether the trial court owes the duty, upon request, to include in the charge an instruction on circumstantial evidence remains the same since the adoption of Rule 277 as it has existed since the enactment of the statute in 1913.

■ After mature consideration, we have concluded that the trial court did not err in refusing the request. A holding that a trial court must give a charge on that question of law would logically be followed by holdings that charges of similar character with respect to many other questions of law should also be given. Such practice would be out of harmony with the purposes of trials on special issues. Rule 271 provides:

"* * * If the case is submitted on a general charge, he shall instruct the jury on the law applicable to the case. If the case is submitted on special issues, he shall submit the issues of fact to the jury."

In practically all cases some of the evidence is circumstantial. Surely a jury understands that it is its function to make reasonable inferences from proven facts, and we are unwilling to sanction a rule based upon the hypothesis that it does not.

By holding that the trial court did not err in refusing to charge the jury as requested, we are not overruling any prior decision by this Court on this precise question with which we are familiar or to which we have been referred.

We have examined each and every case on this question relied upon by respondent. Some of them were tried on general charges prior to the enactment of Art. 2189 in 1913. Those cases need not be considered. Of those cases tried on special issues and decided since that date, some of them hold that it is not reversible error for the trial court to include in his charge an instruction on circumstantial evidence. Typical of those cases is Brazos River Conservation & Reclamation District v. Harmon, 178 S. W. (2d) 281 (writ refused, want of merit). That is not the question before us. The opinion of the Court of Civil Appeals is supported by Hicks v. Frost, 195 S. W. (2d) 606. That case holds that a party relying on circumstantial evidence in whole or in part, is entitled to a charge thereon, and that it is reversible error not to give such charge. In that case the application for writ of error was stamped, "Refused, no reversible error." Since there was more than one ground upon which the Court of Civil Appeals reversed that case, the notation on the application does not necessarily mean that this Court approved that holding.

■ The other ground upon which the Court of Civil Appeals reversed this case was the action of the trial court in overruling an objection made by respondent to a special issue submitted in the court's charge. The issue was as follows:

"Do you find from a preponderance of the evidence in this case that the injury, if any you have found, was sustained by R. M. Johnson because of heat exhaustion experienced on or about July 18, 1945?

"Answer: 'Yes' or 'No.'

"ANSWER: Yes."

One of the objections timely made to that issue was:

"Said issue is on the weight of the evidence in that it assumes that R. M. Johnson became overheated or suffered heat exhaustion on or about July 18, 1945."

The objection was overruled by the trial court and the Court of Civil Appeals held that by that ruling the trial court fell into error. We sustain the holding of the Court of Civil Appeals on this question. Two contested issues of fact were covered by this special issue as given, one was whether or not petitioner suffered heat exhaustion on the date mentioned and the other was whether or not his injuries resulted therefrom.

The issue as framed assumes that he experienced heat exhaustion and cal's upon the jury to answer the single question of whether petitioner's injuries, if any, resulted from heat exhaustion which he experienced on that day. The objection clearly pointed out the vice in the issue and by overruling it the respondent was deprived of the right granted him by Rule 277 to have each issue of fact submitted separately. Texas Power and Light Co. v. Culwell (Com. App.) 34 S. W. (2d) 820; Texas Emp. Ins. Assn. v. Humphrey, 140 S. W. (2d) 313 (Error refused). Many other cases in which charges of a similar nature have been condemned are collated in the notes to 41 Tex. Jur. Sec. 289, pages 1133-35.

We uphold one of the grounds upon which the Court of Civil Appeals reversed and remanded the case, the effect of which is to affirm its judgment. It is so ordered.

Opinion delivered October 29, 1947.

Rehearing overruled November 26, 1947.