**TEXAS EMPLOYERS' INS. ASS'N v. EUBANKS.**

No. 14327.

Court of Civil Appeals of Texas. Dallas.
May 11, 1951.

Rehearing Denied June 8, 1951.

Burford, Ryburn, Hincks & Ford and Roy L. Cole, Dallas, for appellant.

White & Yarborough, Dallas, for appellee.

CRAMER, Justice.

This is a proceeding to recover workman's compensation, instituted by appellee J. L. Eubanks as employee of Gillette Motor Transport Company, employer, against appellant as insurer. Appellee was employed at employers' place of business and office in Dallas as a nightwatchman at the time of the alleged accident. He alleged and testified that about 9:00 to 10:00 P. M. on a night early in January 1945, while on duty, he punched, with a pistol, a loose scantling hanging overhead in an effort to get it down and keep it from falling and hurting some one; that in doing so, it fell and struck him on the head, knocking him out for about two hours; that although carried to a doctor at the time, he did work the two following days; then went to a hospital and has not been able to work since. The record shows that he was thereafter, while in the State of Mississippi, charged with lunacy and confined in the State Hospital from July 1945 to June 1948; thereafter taking regular treatments until June 1949, at which time he was released by the hospital. He lived in Houston with his son from January 1950 until April 17, 1950. On a belated claim for compensation filed by him with the Industrial Accident Board, said Board made its award; such award was appealed to the District Court; and from the judgment in the District Court in his favor, this appeal has been duly perfected.

Appellant briefs 24 points of error. The first complains that special issue No. 1 submitted to the jury by the court is "a comment on the weight of the evidence, assumed a controverted fact and was duplicitous." The objections to the charge raised such question. The issue was as follows: "Do you find from a preponderance of the evidence that J. L. Eubanks sustained personal injuries during the first two weeks of January, 1945, as a result of being struck a blow on his head by a piece of timber?" The jury answered the issue in the affirmative.

The rule applicable to the question here is well settled. Only one ultimate issue may be submitted in a single special issue. In a compensation case two of the ultimate fact issues necessary to recovery, material here, are (1) an accident, (2) causing personal injury. Each must be submitted separately, if the evidence makes them a jury issue. The only question here is whether each of such issues were jury issues.

We are of the opinion that the question of whether Eubanks sustained an accident by being struck a blow on his head by a piece of timber, was a jury issue in this case, since appellee himself was the only witness as to such claimed accident and injury. His evidence was therefore for the jury, as was the question of whether his personal injury was the result of such accident, if any. See 2 Baylor Law Review

814

342, article titled "Party Testimony" for full discussion of the authorities. It was therefore error for the court over the objection of appellant insurer to submit such separate ultimate facts in one issue. Johnson v. Zurich, etc., 146 Tex. 232, 205 S.W.2d 353; Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; further see 41 Tex.Jur., p. 1133–5.

Appellant's points 2 to 6 inclusive raise questions as to the competency of appellee to testify and the propriety of the jury's verdict and the court's judgment based on appellee's testimony alone on the issues of accident and injury in the course of employment with employer Gillette Motor Transport Company. After reviewing the record we are of the opinion that the trial court did not abuse his discretion in permitting appellee's testimony to go to the jury on such issues, especially in view of the fact that the doctor who treated him and took a history shortly after the accident, found a condition in appellee's head which in his opinion resulted from a head injury as testified to by appellee.

It also appears from the record that when appellee took the witness stand no objection was made during the entire direct examination as to his competency as a witness. The first time the question of his competency was raised was after the direct examination was completed. Appellant then as a part of its cross-examination offered in evidence certified copies of a commitment and other instruments in connection with appellee's incarceration in the Mississippi State Insane Asylum. The record was then admitted in evidence over appellee's objection. Appellant then moved to strike all testimony of appellee on the ground that he was an incompetent and not qualified to testify. The court overruled the motion, after which appellant's attorney fully cross-examined appellee. The cross-examination (including objections, rulings, etc.) covers 76 pages in the statement of facts. Under such record we find no error in the court's action. As stated in Texas Law of Evidence by McCormick and Ray, p. 204, sec. 133: "While it is sometimes said that persons non compos mentis are not competent witnesses, this statement is entirely too broad. There is no rule which excludes persons or witnesses merely on the ground of insanity. Unless the mental disorder affects the capacity to observe, recollect, or narrate the events in question it should have no disqualifying effect. In this connection, it is well to distinguish between the effect of insanity at different times. There may be insanity at the time of the trial, insanity at the time of the transaction and insanity at some other period. As to the first period, i. e., at the time of the trial, if the mental derangement of the witness is such that he cannot understand the questions put to him and frame intelligent answers, he is rendered incompetent. In regard to the second, i. e., at the time of the transaction, it is often stated that the fact that the witness was under a delusion or his mind was otherwise affected goes to the question of credibility and not competency. It is believed that the trustworthiness of the testimony rests just as much upon the ability of the witness to correctly observe as to correctly narrate the events; and, therefore, that where the mental condition of the witness at the time of the events about which he is called to testify was such that he could not receive correct mental impressions, his testimony should be rejected."

Under all the authorities a witness is presumed to be qualified to testify or to give his opinion when the opinion is admitted without an objection to the witness' lack of qualification. Pecos & N. T. R. Co. v. Porter, Tex.Civ.App., 156 S.W. 267. A failure to object to a known incompetent witness waives the objection. Legg v. McNeill, 2 Tex. 428; Walker v. Fields, Tex. Com.App., 247 S.W. 272. See also 21 Texas Law Review 778, at p. 784. Appellant had in its possession, during all the direct examination, the record of appellee's mental condition. It did not seek to take appellee on voir dire, or object to the testimony at the time, or before, it was admitted, that the court might exercise his discretion as to the competency of the witness to give evidence. However, the court did exercise his discretion by overruling the motion to strike. By such action he held the witness com-

petent. Points 2 to 6 inclusive are overruled.

■ Points 7 and 8 complain of the court's definition of the term "insane" as given in his charge. We overrule these points. The court exercised his discretion and held the witness competent to testify, as pointed out above. The question of appellee's sanity was immaterial as a part of the charge. See authorities under points 2 to 6 inclusive, supra.

■ Point 9 complains of the court's refusal to give its written requested special instruction, as a part of its charge, which limited the effect of the "notice of injury" introduced in evidence to a showing of the day it was filed. The notice, at the time it was admitted, was properly limited by the court's oral instruction.

Appellant, however, asserts that such notice of the injury went to the jury room when the jury retired to consider of their verdict, therefore its requested written instruction should have been given. Rule 277, Texas Rules of Civil Procedure provides in substance that the court shall submit in connection with special issues such explanatory instructions as are necessary to enable the jury to properly pass on the issues and in such instances the charge shall not be subject to the objection that it is a general charge. In Missouri Pacific Ry. Co. v. Johnson, 72 Tex. 95, 10 S.W. 325, 326, our Supreme Court, speaking through Judge Gaines, correctly states the applicable rule as follows: "* * * But it is held that, when evidence is introduced for a special purpose that is not competent upon the main issue, it is the duty of the court in the charge to confine its consideration to the particular issue upon which it is relevant. * * *." This rule has been reaffirmed by our Supreme Court since the introduction of the special issue practice, Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, syl. 4, but held that the form of the requested charge there violated the rule prohibiting a comment on the weight of the evidence. In Gause-Ware Funeral Home v. McGinley, Tex.Civ.App., 41 S.W.2d 433, syl. 4, 435, writ refused, the requested instruction was to limit impeachment evidence to that purpose only. The court, with reference to the oral instruction alone being sufficient, stated: "It is easily conceivable that during the course of the trial a verbal instruction of the character stated would be wholly overlooked and forgotten by a jury in the consideration of a case, and the defendant's instruction, having been in writing, should have been given." See also Dallas Railway & Terminal Co. v. Whitcomb, 139 Tex. 467, 163 S.W.2d 616; Bekkeland v. Lyons, 96 Tex. 255, 72 S.W. 56, 64 L.R.A. 474; 17 Tex.Jur. 360; Highway Ins. Underwriters v. Spradlin, Tex.Civ.App., 190 S.W.2d 181, syl. 7. Appellee cites Radford Grocery Co. v. Andrews, Tex.Com.App., 15 S.W.2d 218, 219; Gonzales v. Orsak, Tex.Civ.App., 205 S.W.2d 793, 796; Carmichael v. Harrison, Tex.Civ.App., 165 S.W.2d 510; Dallas Railway & Terminal Co. v. Allen, Tex.Civ.App., 43 S.W.2d 165; and Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481. The Radford Grocery and Carmichael cases were before the amendment of Rule 277 in September 1941, and not in point. In Dallas Railway v. Allen and the Gonzales case there was an absence of pleading to justify the instruction. In the Boaz case the instruction was that the driver of the truck "was guilty of negligence," etc. The court held that such instruction was "not 'necessary to enable the jury to properly pass upon and render a verdict'." All that was necessary, if there was negligence as a matter of law, was to submit only the proximate cause issue.

Since the "notice of injury" was admitted for the limited purpose, stated above, and permitted to go to the jury room on retirement, we are of the opinion that it was error for the trial court to refuse the written instruction requested limiting such written exhibit to the purpose for which it was introduced. Point 9 is sustained.

■ Points 10 and 11 complain of defendant's requested instructions 2 and 3. They are as follows: "(2) You are instructed that the testimony of Jeannette Eubanks to the effect that her father told her he went to the hospital because of the lick on his head was not and is not admitted before you for the purpose of showing that plaintiff suffered or sustained an accident,

or any accidental injuries, while in the course of his employment by Gillette Motor Transport, Inc., and such testimony is not proof of an accident and cannot be considered by you for the purpose of finding that plaintiff sustained an accident, if any, on the occasion in question." "(3) You are instructed that the assumption by plaintiff's counsel in his questions in the deposition of Jeannette Eubanks that Mr. Eubanks sustained or suffered a lick on his head is not proof of such fact or that plaintiff actually sustained an accident, and same shall not be considered by you as proof of an accident, if any, on the occasion in question."

It appears from the record that at the time such evidence recited in the instruction was introduced, it was properly limited by oral instruction. No showing is made that the evidence in written form was taken by the jury to their room during their deliberations. Under such circumstances, in a case submitted on special issues, no reversible error is shown. The points are overruled.

Points 12, 13, and 14 assert that the trial court erred in admitting in evidence, during the testimony of Dr. C. C. Nash, over the objection that same was hearsay and not a part of the res gestae, certain statements by appellee's daughter, as follows: "Dr. Nash, what is the history that Eubanks' daughter gave you at that time? A. She stated to me that her father had had a severe head injury some two months previous to that and was unconscious for some hours and had had a constant headache ever since." They also assert that the court further erred in failing to limit such testimony to the sole purpose of showing the diagnosis and basis of Dr. Nash's treatment. There is an exception to the general rule to the effect that where the statement to the doctor relates to a disputed issue as to how the injury occurred, it is not admissible. The evidence here did not relate to how, when, or where, the head injury was received, and is not within the exception to the general rule. Also in connection with the question here the court in his main charge did instruct the jury as follows: "You are instructed that the testimony of Dr. C. C. Nash as to the history of the case obtained by him from plaintiff's daughter cannot be considered by you as proof of an accident or injury, but is admitted only as a basis for examination and treatment." This cured the error, if it was error. These points are overruled.

Appellant's point 15 complains of the court's permitting Jack L. Eubanks, appellee's son, to testify that in his opinion appellee was not insane, asserting that such opinion was based on a single visit with appellant in the Mississippi State Hospital about two years after the alleged accident. The record does not sustain such contention. The witness testified that appellee was strong, robust, had no impediment in his speech before December 24, 1944; that when he went after appellee to bring him to Texas, after he had been discharged from the hospital, so far as his mind was concerned, he was as normal as before the date of the alleged accident. He testified as to the visit about a year and a half before the trial when he went to visit his father. His father was failing, was feeble, but his mind was good; he talked about witness' little boy, witness' wife, and seemed to be able to carry on a good conversation; he was in possession of all his mental faculties. He also testified that he saw and talked with appellee after he returned home and at such time he was a rational man. Under such record there was no error shown by this point. 16 Texas Digest, Evidence, ☞ 501(3).

Points 16 to 22 relate to overruling of objections to evidence contained in the deposition of Jack Eubanks and are directed to the cross-interrogatories, 1 to 6, propounded by appellee's attorney relating to a statement by the witness given to one Smith Pettigrew. Point 16 complains first of the court's refusal to retire the jury and consider appellant's six objections contained in points 17 to 22 inclusive outside the presence of the jury. The first question contained in point 17 was never read to the jury. The second question and answer follows: "What did Smith Pettigrew tell you on said occasion with reference to whether he was working for Texas Employers' Insurance Association? A. He did not say who he was working for. He said he came out there to make a settle-

ment." There was an objection made and the court sustained it and instructed the jury not to consider it. Thereafter questions 3, 4, 5, and 6 were as follows: "(3) Did Smith Pettigrew tell you that if you signed the statement he wrote out that Texas Employers' Insurance Association would pay your father compensation insurance for his injuries." "(4) When your mother called you to come to Dallas in January 1945, isn't it a fact that she told you your father had been injured?" "(5) When you saw your father in the hospital at Dallas in January 1945, did he tell you that he had received a lick on his head?" "(6) Isn't it a fact that your father had been in reasonably good health up until the time he received the blow on his head?" The answers in the deposition which were not read to the jury to such questions were as follows: "(2) He did not say who he was working for. He said he came out there to make a settlement. (3) He told me that the company was going to make a settlement with my father. (4) Yes, she told me he had been injured. (5) Yes. (6) Yes." The appellant complains that if the motion to exclude the jury and pass on the objections had been granted, the questions themselves would not have been read to the jury and that it was an abuse of discretion for the court to refuse to do so. Also that the court's sustaining the objections in the presence of the jury was so prejudicial as to require reversal. Rule 213, R.C.P., provides as follows: "Depositions may be read in evidence upon the trial of any suit in which they are taken, subject to all legal exceptions which might have been made to the interrogatories and answers, were the witness personally present before the court giving evidence." The record shows here that there was no objection to the questions and answers of the witness by motion to quash the questions and answers, prior to the trial. Under such circumstances no reversible error was shown. National Life & Acc. Ins. Co. v. Hanna, Tex.Civ.App., 195 S.W.2d 733 (ref. n. r. e.); Texas & P. Ry. Co. v. Mix, Tex.Civ.App., 193 S.W.2d 542; Rule 212, R.C.P. The objections made at the time the questions were read on the trial were sustained. The points are overruled.

Appellant's point 23 asserts error in sustaining appellee's objection to the certificate of the Director of the Mississippi State Hospital and certified to by the Secretary of the State of Mississippi. Without passing on the questions raised as to the form and validity of the certificate, the instrument sought to be introduced was not admissible. The instrument read: " * * This is to certify that the records and books of the Mississippi State Hospital show that J. L. Eubanks, White male, was admitted to the Mississippi State Hospital, Whitfield, Mississippi, on 7–26–45; was presented to the staff of physicians on 8–23–45, at which time he was declared to be a mental deficient with a psychosis—that is, mental deficiency with insanity. This condition is considered as incurable; that the patient left the institution on the 6–13–48; and not having been returned to the hospital within one year's period of time, he was automatically discharged from the rolls of the institution of 6–13–49; that the leave note in the case is as follows: 'This patient was granted leave as of this date –6–13–48–, into the custody of Mrs. Minnie L. Eubanks, his mother, of Philadelphia, Mississippi, who understood that the patient was not well mentally and was suffering from severe diabetes, but due to her insistence and to the fact that she was approximately 80 years of age and without anyone to live with or look after her, it is being advisable to let her son accompany her home.' * * *." The objections thereto in substance were among others that it was hearsay, an ex parte statement, a conclusion as to what the records purported to show, state or contain, as an opinion, an ex parte statement without an opportunity to cross-examine the affiant. The court properly sustained the objections, above set out, to the contents of the statement. The point is overruled.

Point 24 complains of the court's overruling appellant's motion for a physical examination of appellee by a doctor of its choice made on the third day of the trial. It appears that defendant did not know appellant would be personally present at the trial. He appeared during the progress of the trial. No motion was made prior to the time announcement of ready was made.

Under the circumstances it was discretionary with the trial court as to whether a recess should be taken for such examination. We cannot say that the court abused that discretion. The point is overruled.

For the errors pointed out, the judgment below is reversed and cause is remanded to that court for a new trial, not inconsistent with this opinion.