J. L. EUBANKS v. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. A-3293. Decided January 9, 1952.
Rehearing overruled March 12, 1952.
(246 S. W., 2d Series, 467.)

68

*White and Yarborough* and *H. J. Yarborough,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that the special issue No. 1 in this case really submitted two separate ultimate issues, one as to personal injury and the other as to an issue of accident. Said court also erred in holding that it was reversible error for the trial court to refuse petitioner's special

instructions, one as to personal injury and the other as to an issue of accident. Said court also erred in holding that it was reversible error for the trial court to refuse petitioner's special instruction that the "Notice of Injury" was submitted only for the purpose of showing the date that the notice was filed with the industrial accident board. First National Bank of Amarillo v. Rush, 246 S. W. 349; Texas Employers' Ins. Ass'n, v. McKay, 146 Texas 569, 210 S. W. 2d 147; Texas Emp. Ins. Ass'n. v. Pugh, 57 S. W. 2d 248; J. M. Radford Grocery Co. v. Andrews, 15 S. W. 2d 218.

*Burford, Ryburn, Hincks & Ford,* of Dallas, for respondent.

In respondent to petitioner's propositions cited, Johnson v. Zurich General Accident & Liability Ins. Co., 146 Texas 232, 205 S. W. 2d 353; Texas P. & L. Co. v. Culwell, 34 S. W. 2d 820; Southern Underwriters v. Boswell, 138 Texas 255, 158 S. W. 2d 280; Fambrough v. Wagley, 140 Texas 577, 169 S. W. 2d 478.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

After jury trial, with all issues answered favorably to petitioner J. L. Eubanks, judgment for $8329.87 was rendered for him against respondent Texas Employers' Insurance Association, insurer of petitioner's employer, Gillette Motor Transport, Inc., under the Workmen's Compensation Law. The Court of Civil Appeals sustained two points of error and remanded the cause to the District Court for a new trial. 240 S. W. 2d 811.

Petitioner alleged that while working in the course of his employment he was injured by being struck on the head by a falling piece of timber, and that total and permanent incapacity to work resulted from the injury. The first special issue submitted to the jury was: "Do you find from a preponderance of the evidence that J. L. Eubanks sustained personal injuries during the first two weeks of January, 1945, as a result of being struck a blow on his head by a piece of timber?" The jury answered: "Yes." The first issue was followed by an issue inquiring whether the personal injuries, if any, resulted from an accident and by such other issues as usually are submitted in a Workmen's Compensation case.

Respondent's written objections to the first issue were that it was erroneous as a comment on the weight of the evidence in assuming a controverted fact, namely, whether the plaintiff was struck on the head by a piece of timber, and erroneous as duplicitous in inquiring first whether the plaintiff sustained personal

injury, and second whether the injury was the result of his being struck a blow on the head by a piece of timber. The over-ruling of these objections was presented by respondent as the first point of error in its brief in the Court of Civil Appeals, and this was one of the two points of error sustained by the Court of Civil Appeals.

1 We have reached the conclusion that there was no reversible error in overruling respondent's objections to this issue. The issue as to injury of petitioner was one of fact for the jury's determination. Petitioner testified that he was injured by being struck on the head by a piece of falling timber, but no one else testified to the actual occurrence of the accident. A physician who examined petitioner while he was in a hospital in January, 1945, (the accident occurred, according to petitioner's testi-mony, during the first two weeks of that month) testified that in his opinion, from his examination of petitioner, the condition in which he found him had been caused by a blow on the head. There was other testimony which at least tended to corroborate petitioners' testimony that he was injured by a blow on the head.

The issue complained of asks the jury the question whether petitioner sustained personal injuries. It goes further and in-cludes in the question the manner in which the injuries were sustained. It has been said in an opinion of this Court that when the employee relies on a general injury, it is sufficient for the jury to be asked to find merely whether the employee sustained an accidental injury to his body, it not being necessary for the issue or the jury's finding to show the manner in which the injury was sustained. Southern Underwriters v. Boswell, 138 Texas 255, 260-262, 158 S. W. 2d 280. But in our opinion, sup-ported by the authorties to be cited, it was not reversible error for the issue submitting the question as to the suffering of in-jury to contain words descriptive of the manner of the injury. If the ultimate issue is whether injury was sustained and the par-ticular manner of the injury is not an ultimate issue but is, as has been held, immaterial, it is, in most instances at least, not rea-sonably probable that the inclusion of the manner of the injury in the question would be harmful. The allegation in the petition was that petitioner was injured by being struck on the head by a falling timber, and the only evidence about the occurrence of the injury, being petitioner's testimony, was that he was injured in that manner. Respondent's position, as shown by its pleading and the evidence that it offered, was that petitioner had suffered

no injury at all connected with his employment, but that his incapacity was caused solely by a prior, existing injury or disease. The jury was called upon by the issue to answer a single question, that is, was petitioner injured by being struck on the head by a piece of timber.

The question raised and decided in Texas Employers' Insurance Association v. Rowell, 104 S. W. 2d 613, is the same as that here under consideration. The special issue submitted was: "Do you find from a preponderance of the evidence that the plaintiff, H. Rowell, on or about the 10th day of August, 1934, sustained an injury as that term is herein defined, as a result of heat exhaustion or sunstroke?" The objections to the issue were that it was duplicitous and that it was a comment upon the weight of the evidence, in assuming that the plaintiff had an attack of heat exhaustion or sunstroke. The court, in holding that the issue was not duplicitous, said:

"The issue as submitted was substantially in accorrd with the plaintiff's pleadings. Stated differently, the issue was, in effect, Did the plaintiff sustain the injury alleged? Stated as it was it avoided the mistake of referring the jury to plaintiff's pleadings. The primary fact inquired about was the existence of the injury. The finding of the jury of any injury other than that alleged would have been immaterial and its submission might have been subject to the objection that the question did not limit the inquiry to the kind of injury alleged. Hence the propriety, if not the necessity, of limiting and confining the inquiry to the character of injury alleged. It has often been held that, where an issue is composed of several component parts, or where it is necessary to limit, describe, or modify an issue, the rule against duplicity or multifariousness is not violated. The question submitted the issue pleaded."

The court further held that the issue was not subject to the objection that it was on the weight of the evidence as assuming that the plaintiff had suffered an attack of heat exhaustion or sunstroke.

The Rowell case has no writ of error history, but it has been cited several times with approval, and we have not been able to find that it has been disapproved. Among the decisions approving the Rowell case is Texas Employers' Insurance Association v. Clack, 112 S. W. 2d 526. Error was alleged in the submission of the following issue: "Do you find, from a preponder-

ance of the evidence, that the plaintiff, P. K. Clack sustained any personal injuries, as alleged, by falling from a cooling tower on September 27, 1935?" The defendant contended that the issue assumed an injury, presupposed that the plaintiff fell from a tower, and was multifarious. The court, in holding that the issue was not subject to the objections and citing Texas Employers' Insurance Association v. Rowell, 104 S. W. 2d 613, said: "We think the ultimate fact sought by such issue was whether or not the plaintiff suffered any injuries, and the remainder of the issue was merely a modification or limitation on the ultimate fact sought."

The Clack case as decided by the Court of Civil Appeals was affirmed by this Court, 134 Texas 151, 132 S. W. 2d 399, but without discussion of the ruling of the Court of Civil Appeals on the objections made to the special issue above quoted.

Preston Shirley discussed at length and thoroughly "Special Issue Submission in Workmen's Compensation Cases" in 18 Texas Law Review, pages 365-411. Among other questions considered there is the method of submitting the issue as to injury of the employee. He sets out the issue in substantially the same terms as those of the issue submitted in this case: "Do you find from a preponderance of the evidence that (claimant) sustained an injury (particularly describing the injury) by (particular manner of injury) on the _____ day of _____ 1940?" The issue quoted is followed by this statement:

"This issue would meet the objection that the jury should be limited to a consideration of the injury alleged in the manner alleged and has been approved over the objection of duplicity and over the objection that it assumes an injury in a particular manner, the holding having been made that the manner of the injury was not an independent issue but only a modification or limitation on the ultimate issue of the injury." 18 Texas Law Review, p. 374.

The statement quoted is supported by citation of Texas Employers' Insurance Association v. Clack, 112 S. W. 2d 526, affirmed 134 Texas 151, 132 S. W. 2d 399, and Texas Employers' Insurance Association v. Rowell, 104 S. W. 2d 613.

Respondent relies on Johnson v. Zurich, etc., Ins. Co., 146 Texas 232, 205 S. W. 353, to sustain the decision of the Court of Civil Appeals that there was reversible error in overruling respondent's objections to Special Issue No. 1. In that case the

plaintiff by his pleadings and evidence relied upon heat exhaustion as the injury that caused his incapacity. The first issue submitted to the jury inquired whether or not the plaintiff sustained an injury on or about July 18, 1945. The third issue was: "Do you find from a preponderance of the evidence in this case that injury, if any you found, was sustained by R. M. Johnson because of heat exhaustion experienced on or about July 18, 1945?" The objection to the issue, discussed and sustained by the opinion of this Court, was that the issue was "on the weight of the evidence in that it assumes that R. M. Johnson became overheated or suffered heat exhaustion on or about July 18, 1945." The opinion points out that the question whether or not the plaintiff suffered heat exhaustion was a contested issue of fact, and construes the issue as assuming that the plaintiff experienced heat exhaustion. In that case the issue, held subject to the objection made, assumed as a fact, by the use of the words "heat exhaustion experienced," that the plaintiff sustained the injury upon which he relied. There is not a great difference between the manner in which the issue in the Johnson case was framed and the manner in which the issue in this case is framed, but there is a difference. The issue in this case does not assume that petitioner experienced injury. It submits the one question whether injury was sustained, incorporating in the question a description of the manner of the injury as a modification or limitation of the ultimate issue of injury.

Howell v. Howell, 147 Texas 14, 17, 210 S. W. 2d 978, a divorce case, contains the statement of a rule which in principle answers the contention that Special Issue No. 1 in this case is duplicitous. It is:

"The issue to be determined is the total effect of the defendant's conduct considered in the light of all of the evidence. This in many cases will require the jury to consider a number of facts, but a 'group of facts' may constitute the ultimate issue rather than one single fact. See Fox v. Dallas Hotel Co., 111 Texas 461, 475, 240 S. W. 517, 522. Where, as in this case, the one ultimate issue embraces a number of subsidiary facts, it is not improper to include in the issue these several facts, and a special issue so framed is not duplicitous." (Citing authorities.)

The Court of Civil Appeals held that the trial court erred in refusing to give to the jury the written instruction, requested by respondent, that the notice of injury signed by petitioner and filed with the Industrial Accident Board, which was offered in evidence by petitioner for the expressly limited purpose of show-

ing when the notice was filed with the Board, should be considered by the jury only for that limited purpose, and not for the purpose of showing that petitioner sustained injury.

Petitioner's injury, according to his testimony and as found by the jury, was sustained during the first two weeks of January, 1945. The written notice of injury was filed with the Industrial Accident Board on February 20, 1945. There was a finding by the jury that petitioner had good cause for his failure to file the notice of injury prior to February 20, 1945.

The taking of testimony before the jury began at 9:30 A.M. on April 18, 1950. At about the conclusion of the offering of petitioner's evidence and a short time before the adjournment of the court for noon recess on April 19, 1950, petitioner's attorney offered in evidence in the presence of the jury a certified copy of the notice of injury, stating that it was offered for the limited purpose of showing when the notice was filed with the Board. The court in the presence of the jury stated that the notice was admitted for that purpose only. The notice was read to the jury by petitioner's attorney, and the attorney for respondent thereupon stated that he had no objection to the notice for the limited purpose.

The notice of injury is on the printed form prescribed by the Industrial Accident Board, gives the employer's name and place of business, the time of the injury, states that the cause of injury was "plank or scantling hit me on the head," and describes the nature of the injury as being to the head, brain, nerves and nervous system. On April 20, 1950, before the court's charge was prepared, respondent submitted in writing the requested instruction to the jury that the notice of injury was admitted and should be considered for the sole and limited purpose of showing the date of its filing and not to show that there was an accident or an injury. The request was refused, and the trial, including the return of the verdict, was completed on that day.

During the hearing of respondent's motion for new trial the court heard the testimony of respondent's attorney and of one of petitioner's attorneys. The attorney for respondent testified about the introduction of the notice of injury for the limited purpose of showing that actually an accident had been sustained or that the plaintiff sustained any accidental injuries," but for the sole purpose of showing when the notice was filed. He testi-

fied that counsel for petitioner read the notice and exhibited it to the jury and that "each one of the jurors were permitted to see it." He testified further that at the conclusion of the trial he requested the court to give the exhibits to the jury, and that the exhibits, including the notice of injury, were given to the bailiff and taken into the jury room.

One of the attorneys for petitioner testified that the attorney' for respondent gather up a number of the exhibits and gave them to the bailiff, who carried them to the jury room, and that he did not know whether the notice of injury was included in the exhibits that were gathered up. He testified that when the notice of injury was read to the jury counsel for respondent made no objection to the reading of it or of any part of it to the jury, and that he did not remember whether the notice was handed to the jury for them to examine.

The exact question presented is whether the trial court committed reversible error in refusing the request to give the written instruction to the jury after it had been clearly stated in the presence of the jury by counsel who offered the notice in evidence and by the court in admitting it that it was offered and admitted for the sole purpose of showing the date when it was filed, and after counsel for respondent had made no objection to the reading of the notice to the jury.

2   There is no rule in the Rules of Procedure requiring the court to give to the jury a written instruction limiting testimony such as was requested here. Rule 271 provides that the judge shall prepare and in open court deliver a written charge to the jury, and that he shall submit the issues of fact to the jury if. the case is submitted on special issues; and by Rule 277 it is made the duty of the court in submitting special issues to "submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." The charge given by the court complied with those rules.

Cases are cited in the opinion of the Court of Civil Appeals and in respondent's brief which announce the rule that when evidence is introduced for a special purpose it is the duty of the court in the charge to confine its consideration to the particular issue upon which it is relevant. See Missouri Pacific R. Co. v. Johnson, 72 Texas 95, 10 S. W. 325; Fambrough v. Wagley, 140 Texas 577, 169 S. W. 2d 478; Gause-Ware Funeral Home v.

McGinley, 41 S. W. 2d 433, writ refused. But we do not understand those decisions to mean that in every case and whatever may have occurred at the introduction of the evidence it is reversible error for the court to refuse to give the written instruction. In Missouri Pacific Railroad Company v. Johnson it is not shown that when the evidence was offered and admitted it was expressly stated by counsel in offering it and by the court in admitting it that it was offered and admitted for the limited purpose. Further, in that case the court, after examining the evidence which was admissible for a limited purpose and other evidence before the jury, held that there was no reversible error because it was unreasonable to suppose that the evidence had any effect upon the minds of the jury so far as the main issue was concerned. In Fambrough v. Wagley, 140 Texas 577, 169 S. W. 2d 478, it does not appear that the evidence when offered and admitted was expressly limited as in this case. And in the Fambrough case the judgment was not reversed for failure to give the requested written instruction, it being held that the instruction requested was on the weight of the evidence. Gause-Ware Funeral Home v. McGinley, 41 S. W. 2d 433, writ refused, is more directly in point, it being held that the court erred in failing to give a written instruction limiting certain testimony solely to the purpose of impeachement, even though the court verbally so instructed the jury at the time of the admission of the testimony. The opinion cites and quotes as authority Article 2184. The language of that article was changed by Rule 271. It is to be noted that the testimony that was admissible only by way of impeachment was as to a statement made by the driver of the defendant's ambulance, which amounted in effect to an admission of negligence charged as a ground of liability.

3   We believe that the rule announced in Dallas Railway & Terminal Co. v. Whitcomb, 139 Texas 467, 163 S. W. 2d 616, should be applied in answering the question here presented, although the evidence to which the requested special instruction was directed in that case was not evidence admitted for a limited purpose, but had been admitted and then withdrawn by oral instruction to the jury that it should not be considered by them. The court, in holding that it was not error for the trial court to refuse to give the jury a requested written instruction not to consider the evidence, and after quoting Article 2184, said:

"In our opinion, it was not intended by this statute to require the court to give a written instruction on every occasion when previously admitted evidence is excluded from the consideration of the jury. It is conceivable that in some instances *the evidence*

*might be so prejudicial* that a party's interest could not be ade-qutely protected without a written instruction telling the jury not to consider it. Likewise, there might be instances in which the evidence would be admissible for one purpose but not for another, and *it might be necessary* for the court in such an instance to give a written instruction explaining for what purpose it could be considered, and for what purpose it could not be considered—especially if the evidence presented a complicated situation difficult for the jury to understand. It is sufficient to say, however, that no such situation is here presented. The evidence concerning any injuries to Mrs. Whitcomb's elbows was introduced inadvertently, and was immediately excluded from the consideration of the jury by the court, with the consent and upon the request of counsel for plaintiff. The testimony was not of an inflammatory nature, calculated to prejudice the minds of the jurors, and no reason is apparent why any injurious effect caused by the improper introduction of this evidence could not, and was not, effectively withdrawn from the jury by the oral instruction." (Emphasis added.))

4. The notice of injury was in its contents a statement signed by petitioner that he was injured by a plank or scantling striking him on the head. He testified to the same fact, and it was the province of the jury to believe or not to believe his testimony, We do not believe that the jury by reading or hearing read the statement in the notice would be or was influenced in crediting petitioner's testimony as to the fact of injury. The jury had been plainly told by counsel and the court when the notice was offered in evidence the day before the written instruction was requested that the notice was offered and admitted for the sole purpose of showing the date of the injury; and we believe that it was not necessary in this case for the court to give a written instruction to the jury again limiting the evidence. The evidence was not of an inflammatory nature, and the court's oral limitation was simple and readily understood by the jury. This question should be determined in each case from a consideration of the nature of the particular evidence, in connection with the other evidence before the jury, and what was done and said by counsel and the court at the time the evidence was offered.

The Court of Civil Appeals emphasized the fact that the notice of injury with other exhibits was taken to the jury room. We do not know whether it was read or looked at in the course of the jury's deliberations. The questions about the refusal of the special instruction would not have arisen if the parties had

stipulated that notice of injury was filed with the Industrial Accident Board on February 20, 1945. And it would not have arisen if respondent had objected to the reading of any part of the notice to the jury except the stamp showing when it was filed. Had that objection been made it undoubtedly would have been sustained and the notice of injury could not have been taken to the jury room. Rule 281. We have reached the conclusion, after careful consideration of the record, the briefs and the authorities that the refusal of the trial court to give the requested special instruction was not reversible error.

One of the points in respondent's brief in the Court of Civil Appeals is: "The court erred in overruling defendant's motion to require J. L. Eubanks to submit to an examination by Dr. Perry C. Talkington, a physician of defendant's choice."

**5** Section 4, Article 8307 of the Workmen's Compensation Law gives the insurer the right to have an employee who claims to have sustained an injury examined by a physician of its own selection, provided that the examination is to be made at a reasonable time and at a place suitable to the condition of the employee. Respondent concedes that the ordering of such an examination is within the trial court's discretion, but takes the position that in this instance the trial court abused its discretion in denying the request.

The trial court's judgment recites that on April 17, 1950, the cause came on for trial, that the plaintiff appeared in person and by attorneys, that the defendant announced ready for trial, and the plaintiff filed his motion for continuance which was overruled, and that the case then proceeded to trial, the jury being selected, etc.

Testimony was heard, including testimony of a physician who had examined petitioner, the testimony of other witnesses, and direct and cross examination of petitioner, who testified from sometime in the early afternoon of April 18, 1950, until 4:30, when on account of his physical condition the court recessed until the next morning. When court convened at 9:40 A. M. on April 19, 1950, respondent requested permission to dictate a motion to require petitioner to submit to physical examination. The motion was dictated, reduced to writing and verified, and petitioner's attorney dictated an answer to the motion, which was transcribed and certified. After hearing further testimony on the issues in the case the court excused the

jury until 2 P. M. and in the jury's absence heard the motion for physical examination, the argument and evidence. The court's order overruling the motion recites that the motion was heard on April 19, 1950, and that the court hear evidence and argument thereon and overruled it. There is no bill of exception showing what evidence was heard by the court in the hearing of the motion, and the statement of facts does not contain any such evidence. It contains merely the reporter's notation that the hearing was had out of the presence of the jury "wherein argument was had on defendant's application for a medical examination and the witness Dr. Perry C. Talkington was heard in connection therewith." The trial of the case before the jury proceeded and was completed by the return of the jury's verdict on April 20, 1950.

Respondent's verified motion for medical examination sets out at length the reasons why respondent did not at an earlier time request an examination of petitioner, and alleges that the examination can be promptly made and will not delay or interfere with the trial or the disposition of the case. Petitioner's verified answers contains allegations that respondent has not been diligent in seeking to have petitioner examined, and that the motion comes so late as to disrupt the orderly procedure of the trial.

The court did not try the motion solely on the verified allegation of the motion and answer but, according to the order overruling the motion, heard evidence. The evidence, however, is not in the record. The reporter's notation shows that Dr. Talkington's testimony was heard, but his testimony does not appear in the record, and the notation does not affirmatively show whether other evidence than that of Dr. Talkington was or was not heard. With the record in this condition, and in view of the recital in the order overruling the motion that evidence was heard by the court, there is no showing of an abuse of discretion on the part of the court in overruling the motion.

After considering the points of error in respondent's brief in the Court of Civil Appeals other than those discussed herein, it is our opinion that the Court of Civil Appeals correctly held that none of them presents reversible error.

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

Opinion delivered January 9, 1952.

Rehearing overruled March 12, 1952.