**COMMERCIAL STANDARD INSUR-
ANCE COMPANY, Appellant,**

**v.**

**Leroy H. ALLRED, Appellee.**

**No. 16698.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 11, 1966.

Rehearing Denied March 11, 1966.

Buck & Buck, Robert Clines, Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for appellant.

Schulz & Hanna, Yates & Yates, and Jack M. Yates, Abilene, for appellee.

RENFRO, Justice.

This is a workmen's compensation case.

Based upon a verdict, judgment for total and permanent disability was entered for plaintiff. Plaintiff's petition alleged he was injured as a result of heat exhaustion suffered on April 9, 1963.

Defendant contended plaintiff's disability was due solely to high blood pressure and hypertension.

The evidence bearing on the question as to whether or not plaintiff suffered heat exhaustion was strongly controversial.

■ Issue No. 1 read: "Do you find from a preponderance of the evidence that Leroy Allred sustained an injury to his body as the result of heat exhaustion on or about April 9, 1963?"

It is defendant's contention, in point nine, the court erred in submitting Special Issue No. 1 over the defendant's objections for the reason that the issue was duplicitous, inquiring first if plaintiff sustained an injury, and secondly whether he had heat exhaustion, or if the injury was the result of heat exhaustion, the defendant having particularly pointed out to the court that the subject matter of such Special Issue No. 1 should have been submitted in two separate issues in compliance with Rule 277, Texas Rules of Civ.Procedure, and for the further reason that such submission assumed that plaintiff had sustained a heat exhaustion without separately submitting the issue to the jury and/or assumed that the plaintiff had sustained an injury, and such manner of submission amounted to a comment on the evidence by the court.

In Johnson v. Zurich General Accident & Liability Ins. Co., 146 Tex. 232, 205 S.W.2d 353 (1947), the court had under consideration the following issue: "Do you find from a preponderance of the evidence in this case that the injury, if any you have found, was sustained by R. M. Johnson because of heat exhaustion experienced on or about July 18, 1945?"

The court held: "Two contested issues of fact were covered by this special issue as given, one was whether or not petitioner suffered heat exhaustion on the date mentioned and the other was whether or not his injuries resulted therefrom. The issue as framed assumes that he experienced heat exhaustion and calls upon the jury to answer the single question of whether petitioner's injuries, if any, resulted from heat exhaustion which he experienced on that day. The objection clearly pointed out the vice in the issue, and by overruling it the respondent was deprived of the right granted him by Rule 277 to have each issue of fact submitted separately. Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Texas Employers' [Ins.] Ass'n v. Humphrey, Tex.Civ.App., 140 S. W.2d 313 (Error refused)."

The issues in Johnson and the instant case are so nearly identical that we can see no material distinction.

Plaintiff relies on Eubanks v. Texas Employers' Ins. Ass'n, 151 Tex. 67, 246 S.W.2d 467 (1952). In Eubanks the issue read: "Do you find from a preponderance of the evidence that J. L. Eubanks sustained personal injuries during the first two weeks of January, 1945, as a result of being struck a blow on his head by a piece of timber?" It was held under the facts (that plaintiff was struck on the head was not disputed) the reference to the blow on the head in the issue were merely words descriptive of the manner of the injury.

In its opinion in Eubanks the court had an opportunity to alter or overrule its decision in Johnson. It did not see fit to do so. On the contrary it approved its former decision in the Johnson case as follows: "The objection to the issue, discussed and sustained by the opinion of this Court, was that the issue was 'on the weight of the evidence in that it assumes that R. M. Johnson became overheated or suffered heat exhaustion on or about July 18, 1945.' The opinion points out that the question whether or not the plaintiff suffered heat exhaustion was a contested issue of fact, and construes the issue as assuming that the plaintiff experienced heat exhaustion. In that case the issue, held subject to the objection made, assumed as a fact, by the use of the words 'heat exhaustion experienced', that the plaintiff sustained the injury upon which he relied. There is not a great difference between the manner in which the issue in the Johnson case was framed and the manner

in which the issue in this case is framed, but there is a difference."

Thus, the decision in Johnson is still the law and in our opinion compels a reversal in this case.

■ In points one through four defendant contends there was no evidence to support the jury's findings plaintiff sustained an injury as a result of heat exhaustion, that plaintiff was subjected to a greater hazard of heat exhaustion than applied to the general public, that plaintiff sustained total and permanent disability, and in point five that it should have been granted an instructed verdict.

Our study of the record shows sufficient evidence of probative value to support the findings. Since we are reversing the case for a new trial, we forego discussion of the evidence.

■ In point eight defendant urges us to hold the jury's answer that plaintiff's disability was not caused solely by hypertension, not connected with the occurrence of April 9, to be against the great preponderance of the evidence. The point is overruled.

Points six and seven are based on rulings concerning admissibility of testimony. Since the same matters are not likely to arise on another trial, no disposition is made of points six and seven.

Judgment reversed and cause remanded for a new trial.

Reversed and remanded.

## ON MOTION FOR REHEARING

MASSEY, Chief Justice.

We are cited to Texas Employers' Insurance Ass'n v. Rowell, 104 S.W.2d 613 (Eastland Civ.App.1937, no writ) the material special issue in which the plaintiff states was expressly approved in Eubanks v. Texas Employers' Insurance Ass'n, 151 Tex. 67, 246 S.W.2d 467 (1952). In the Rowell case

the special issue, which was approved, read as follows: "Do you find from a preponderance of the evidence that the plaintiff, H. Rowell, on or about the 10th day of August, 1934, sustained an injury as that term is herein defined, as a result of a heat exhaustion or sunstroke?"

We are in accord with the Rowell case opinion in which it was held that the issue was not subject to the objection that it was on the weight of the evidence as assuming that the plaintiff had suffered an attack of heat exhaustion or sunstroke, a matter in dispute. We are also in accord with its holding that the words of the special issue "as a result of a heat exhaustion or sunstroke" are words used in limitation, description or modification of the issue. In other words we agree that the words in the issue imposed a more onerous burden upon Rowell than is the usual requirement of law rather than to lessen the burden he was obliged to carry as the result of constituting a comment on the weight of the evidence on the part of the court in an indication that there actually had been a heat exhaustion or sunstroke.

■ The test to be made in each case is whether the language which is contended to be duplicitous or multifarious is, under the circumstances, a limitation, description or modification of the question made an issue to be resolved by the jury's answer. In the instant case we see no difference in the issue submitted than would have been the case if it had read: "Do you find from a preponderance of the evidence that Leroy Allred sustained an injury to his body *as the result of the heat exhaustion which occured on or about April 9 1963?*" (Emphasis supplied to words interpolated and added.)

■ If we are correct in this it is obvious that the charge was on the weight of the evidence, since the language of the issue would be duplicitous or multifarious as not a limitation, description or modification of the issue upon heat exhaustion (an injury in itself). We believe the words inserted,

emphasized by italics, were the kind of words interpolated into the issue which was condemned in Johnson v. Zurich General Accident & Liability Ins. Co., 146 Tex. 232, 205 S.W.2d 353 (Tex.Sup., 1947), an opinion which came ten years after that in Rowell and of which the Supreme Court was cognizant at the time of Eubanks. If we are correct in this we are correct in the decision we have made in this case.

Motions for Rehearing are overruled.