GENERAL MOTORS ACCEPTANCE CORPORATION et al., Appellants,

v.

Bert L. CORNELIUS et ux., Appellees.

No. 6947.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 8, 1968.

Rehearing Denied Feb. 28, 1968.

Orgain, Bell & Tucker, Beaumont, for appellants.

Sadler & Sadler, Port Arthur, for appellees.

STEPHENSON, Justice.

This is an action for damages for personal injuries to plaintiff's wife, which are alleged to have occurred when she was struck by a door shoved by defendant, Neil Salter. Both General Motors Acceptance Corporation, the employer, and Neil Salter, its employee, are named as defendants. Trial was by jury and judgment was rendered for plaintiffs upon the jury findings. The parties will be referred to here as they were in the trial court.

Plaintiffs alleged: that defendant, Neil Salter, came to plaintiffs' restaurant for the purpose of collecting a car note due defendant, General Motors Acceptance Corporation; that defendant, Neil Salter, used abusive language and threats and was asked to leave the premises; that as Salter left, Mrs. Cornelius took hold of the door and undertook to close it; that Salter, because angry, grabbed the door, threw his weight against it and rammed the door into and against Mrs. Cornelius. No allegations of negligence were made, as this cause of action was based upon willful and intentional action on the part of defendant, Neil Salter.

■ Special Issue No. 1 submitted to the jury read as follows:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the Defendant, Neil T. Salter, struck the Plaintiff, Imogene Cornelius, on the occasion in question by ramming the door into and against Mrs. Cornelius?

Answer "We do" or "We do not".

ANSWER: *We do.*

It is argued by defendants that the trial court erred in submitting this issue because it was multifarious and because it was a comment on the evidence in that it assumed that defendant, Neil Salter, did in fact strike Imogene Cornelius. According to defendants, the two fact issues inquired about were: first, if plaintiff's wife was struck by a door; and second, whether defendant, Neil Salter, rammed the door into her. Defendants cite to the court a number of cases holding it is error to submit two ultimate fact issues in the same question. We find no fault with these decisions, but the proposition of law for which these stand is not applicable to the situation in this case. The words used in the charge "by ramming the door into and against Mrs. Cornelius" are merely descriptive of the manner by which Neil Salter struck the plaintiff. If anything, this method of submitting the issue placed a greater burden upon the plaintiffs, in that it limited the jury to finding that the striking by the door occurred in a specific manner. Inasmuch

as the plaintiffs had pled the occurrence in this particular manner, this special issue would have been subject to objection if it had failed to include the words above quoted. Texas Employers' Ins. Ass'n v. Rowell, Tex.Civ.App., 104 S.W.2d 613; Eubanks v. Texas Employers' Ins. Ass'n, 151 Tex. 67, 246 S.W.2d 467.

It is next urged by defendants that the sum of $44,400.00 awarded to plaintiffs by the jury is grossly excessive and shows the jury was influenced by passion or prejudice and prayed that either a new trial be granted or a remittitur ordered. Under the special issue as submitted, the jury was permitted to consider the following items: Physical pain and suffering, both past and present, loss of earnings, both past and present, as well as earning capacity, and loss of household services to the husband.

Rule 440 Texas Rules of Civil Procedure provides that if the Court of Civil Appeals is of the opinion the verdict and judgment of the trial court is excessive, a remittitur shall be suggested for such excess, and to remand the case if the excess is not remitted. The Supreme Court set forth the standard by which this Court of Civil Appeals is to follow in Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, which is to exercise its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation for the injury sustained.

The evidence in this record shows: Mrs. Cornelius was 36 years of age at the time this incident occurred, and had a life expectancy of 41.3 years. She had been working in their cafe about a year doing any kind of work which needed to be done, including cleaning, cooking and waiting on customers. She had always been able to do all of her housework. Neil Salter slammed her back against the wall with the door, the door knob hitting her in the stomach, her head hitting the fire extinguisher on the wall and her back hitting the wall. Her stomach, back and head began hurting, a knot appeared on her head and she was addled. Later she began to bleed internally and her low back area became swollen. She wore a back brace all of the time for 2½ years and then from time to time since, this trial commencing March 9, 1967. She has not been able to do cafe work or her house work since the date of her injury. The pain in her back has been constant at all times, sometimes being worse than others. She is still taking drugs for the pain and her nerves and receiving heat treatments. She does not rest well at night, and sleeps on boards on her bed and a hard mattress. She still has nervous spasms in her back and trouble with her legs. She has undergone personality changes and is not jolly as she was before. Dr. Martin Haig, an orthopedic surgeon, testified that his findings were consistent with her complaints and that she was suffering with a 10% partial permanent disability due to the injuries made the basis of this suit.

■ There is no contention that evidence of a harmful nature was improperly admitted by the trial court, nor that any harmful argument was improperly made to the jury. We do not find that the size of the award itself, in view of the evidence above set forth, showed bias or prejudice. Under the evidence in this case, we find the amount of the verdict and judgment to be reasonable compensation for the injury sustained. There is no excess. The point of error is overruled.

■ Defendants' last point of error is that the trial court should have held as a matter of law that Neil Salter was not in the course of his employment at the time of this incident. The jury found that he was acting within the course and scope of his employment for defendant, General Motors Acceptance Corporation.

This is a no-evidence point, and we consider only the evidence supporting such finding in passing upon it. The evidence shows that Neil Salter was engaged in his usual employment at the time, that is, in the normal process of field collections. It was his job to collect accounts, and this

was his only reason for calling upon plaintiff and his wife. Salter testified he was doing the work assigned to him and in the interest of furthering the business of General Motors Acceptance Corporation. Salter was working the delinquent list and plaintiffs' was one of the accounts on the list. The evidence shows that when plaintiff's wife called the local manager of General Motors Acceptance Corporation by telephone to report the incident, such manager told her: "If you paid your bill, you wouldn't be shoved around." There is no evidence in this record to show the action by Neil Salter was performed as a resentment of insults or because of personal animosity. The point is overruled.

Affirmed.